# Kugler's Appeal.

1. Where commissioners have reported in favor of dividing an election district, the question of division should be submitted to a vote of the electors.

2. The result of such election is conclusive and all power of the court over the report is taken away.

3. The Act of April 20th 1854, relating to dividing election districts, was intended as a rule for future conduct, always to be found, when needed, by reference to the law in regard to township division existing when the rule is invoked.

4. Where acts allow an appeal from an inquisition or a report of viewers " as in other cases," or " as appeals are taken from awards of arbitrators;" such appeal must be made by the law for other cases at the time when the appeal is to be made.

March 20th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ. READ, J., absent.

Certiorari to the Court of Quarter Sessions of *Northampton county*.

On the 13th of March 1866 a large number of the legal voters of Williams township petitioned the court for the appointment of commissioners " to inquire into the necessity and propriety of dividing the township into two election districts." Commissioners were accordingly appointed, who reported in favor of a division, and their report was confirmed nisi May 5th 1866. On the 29th of August 1866, upon the petition of a majority of the voters of the township, the court appointed a second commission to review. This commission also reported in favor of a division, and the report was confirmed December 4th 1866. On the same day Mr. Meyers, on behalf of citizens of the township, moved the court to order a vote of the electors of the township to be taken on the question of dividing the township into two election districts. The court overruled the motion, confirmed the report absolutely and directed John J. Kugler to pay the costs of the review.

He appealed and assigned for error the decree in refusing to order a vote and directing him to pay the costs of the review.

*O. S. Meyers* and *C. G. Beitel*, for appellant, cited Acts of April 20th 1854, § 2, Purd. 386, pl. 144, Pamph. L. 419; April 15th 1834, §§ 13, 14, Purd. 204, pl. 16, 17, Pamph. L. 539;

April 26th 1854, § 1, Purd. 204, pl. 18, Pamph. L. 489; March 14th 1857, § 1, Purd. 204, pl. 19, Pamph. L. 93; April 24th 1857, § 1, Purd. 205, pl. 23, Pamph. L. 304; Dwarris on Stat. 670, 706, 723; Rex *v.* Justices of Surrey, 2 T. R. 504; Attorney-General *v.* Saggers, 1 Price 182; 1 Kent's Com. 463, 464; McKinney *v.* Monongahela Nav. Co., 2 Harris 66; Broom's Legal Maxims 86.

*W. W. Schuyler,* for appellee, commented on the acts cited for appellant and cited In re Clay, West Cocalico and Ephrata Townships, 9 Casey 366; Commonwealth *v.* Erie and N. E. Railroad, 3 Id. 339.

The opinion of the court was delivered, March 30th 1867, by

STRONG, J.—This was a proceeding in the court below to divide an election-district, in which the commissioners reported in favor of a division and the court confirmed their report, refusing to order a vote of the qualified electors of the township upon the question whether the district should be divided or not. The proceeding was conducted under the 2d section of the Act of April 20th 1854, by which it was enacted " that the Courts of Quarter Sessions shall have authority within their respective counties, to divide any borough, ward or township into two or more election districts, to alter the bounds of any election district or to form an election district out of parts of two or more adjoining townships, so as to suit the convenience of the inhabitants thereof, and to fix the place of holding elections, and appoint the election officers, pursuant to the provisions of section 2d of this act: *Provided,* that no district so formed shall contain less than one hundred voters, and the proceedings had in the case of such division or alteration shall be the same as in the erection or alteration of the lines of townships." When this act was passed, the only mode of dividing townships or altering their lines by the action of Courts of Quarter Sessions was that prescribed by the Act of April 15th 1834, in § 14. It was by the appointment of commissioners who were to inquire into the propriety of granting the prayer of petitioners for a division or alteration of lines, and make report to the court, whereupon the court was empowered to take such order thereon as to them might appear just and reasonable. This was doubtless the mode which the legislature had in view when the Act of 1854 was passed. They prescribed a mode by reference to an existing mode provided for another subject.

But by subsequent enactments of March 14th 1857 and April 24th 1857, a change was made in proceedings to *divide* townships or *erect* new ones. In regard to them it was enacted that when a commissioner's report favorable to a division or a new erection has been made, the court shall order an election by the qualified

[Kugler's Appeal.]

voters of the township or parts of townships, on the question of division or new erection, and the result of such election becomes conclusive, all powers of the court over the report is taken away. This is a new provision which could not have been contemplated when the Act of 1854 was passed.

But it is manifest the legislative intent was to have but one mode of procedure for division of townships and division of election districts.

The Act of 1854 does not in terms declare that mode shall be the one existing at the time of its enactment. It was intended as a rule for future conduct, a rule, we think, always to be found when it is needed by reference to the law in regard to township division existing at the time when the rule is invoked. Had the Act of 1834 been amended in 1857, by requiring the appointment of six commissioners instead of three, can it be that it could be referred to only three to inquire into the propriety of granting the prayer of a petition to divide an election district ? If it can, the plain intent to assimilate the proceedings in cases of township division and election district division is defeated. In this very case the court below recognised the mode of procedure prescribed by law for division of townships as the proper rule for its guidance, though it was a different mode from that which was existing when the Act of April 20th 1854 was passed. They ordered a review on the petition of a majority of the electors of the district.

The Act of 1834 made no provision for any such order. It was not until April 26th 1854, that the law was changed and a second commission directed. There are to be found among our Acts of Assembly many analogous cases of enactment by reference to other acts. A very common one is where an appeal from an inquisition or a report of viewers is allowed " as in other cases" or " as appeals are taken from awards of arbitrators." It has never been doubted that such an appeal must be made in the manner prescribed by law for other cases, at the time when it is proposed to make it. In the absence, then, of any words in the proviso to the Act of April 20th 1854, showing an intent to limit the proceedings spoken of to those which were in force in regard to the erection or alteration of township lines, at that time, we think it must be held that the rule of procedure is to be found in the law as it is when an election district is sought to be divided. The two Acts of 1857 and the 13th and 14th sections of the Act of 1834, are in *pari materia*, and they are to be construed as one enactment.

It is enough to say in regard to the argument built on the words of the proviso " the proceedings shall be the same as in the *erection or alteration of the lines* of townships," that this is a case

of election district *division*.   If it were a case of alteration of lines, of course no election would be required.

Such being our opinion respecting the construction due to the Act of April 20th 1854, it follows that there was, in our judgment, error in declining to order a vote of the qualified electors of the township to be taken on the question of a division.

> The order of confirmation is reversed and the record is remitted, with instructions to order a vote, &c., according to the Act of March 14th 1857.