## Commonwealth ex rel. Mauney v. Andrews, Sheriff.

*Taxation—School law—Right of collector to arrest and commit female for non-payment of taxes—Acts of April 15, 1834, June 20, 1901, and May 8, 1923.*

1. The power given to county tax collectors by the Act of April 15, 1834, P. L. 509, to arrest taxpayers for non-payment of taxes was extended to city treasurers as tax collectors by the Act of June 20, 1901, P. L. 578.

2. The Act of May 8, 1923, P. L. 169, which amends section 45 of the Act of April 15, 1834, P. L. 509, removes the exception of females from arrest and imprisonment for non-payment of taxes.

3. Either the collector of school taxes never had any power to collect the school taxes or else he has all the powers for that purpose which the collector of the county tax now has.

4. The city treasurer of a city of the third class who, by virtue of his office, is the collector of school taxes for the school district, has power to arrest and commit to prison a woman for non-payment of taxes when sufficient goods and chattels cannot be found to pay the taxes and the taxpayer refuses to pay.

*Habeas corpus.* C. P. Lawrence Co., Dec. T., 1925, No. 6, M. D.

The commitment was in the following form:

Commonwealth of Pennsylvania, County of Lawrence, *ss.:*

To William G. Andrews, Sheriff and Keeper of the Common Jail of said County:

Whereas there has heretofore been duly and lawfully assessed and levied against Corinne Mauney, a resident of the 1st Ward of the City of New Castle, Pennsylvania, the following taxes for the year 1924:

School tax $\begin{cases} \$5.00 & \text{Face} \\ .25 & \text{Penalty} \\ \overline{\$5.25} & \text{Total} \end{cases}$

and that demand by the Treasurer of the City of New Castle, who is also Collector of School Taxes of the School District of the City of New Castle, for payment of said taxes has been made upon said Corinne Mauney, who has neglected and refused to make payment thereof, and that more than thirty days have expired since such demand was made, and that goods and chattels sufficient to satisfy same, with costs, cannot be found.

You are therefore hereby required to receive the said Corinne Mauney into your custody in said common jail and her there safely keep until the amount of such tax, with costs, shall be paid or secured to be paid, or until she shall be otherwise discharged by due course of law.

PHIL G. GREER, Deputy Collector of Taxes
of the City of New Castle, Penna., and of
the School District of the City of New
Castle, Penna.

*C. H. Akens* and *H. A. Wilkison,* for relator.

*W. J. Moffatt* and *Wylie McCaslin,* for respondent.

EMERY, P. J., Dec. 31, 1925.—Corinne Mauney has been arrested by a deputy tax collector duly appointed in writing by the City Treasurer of the City of New Castle, who, by virtue of his office, is the collector of school taxes for the City of New Castle School District.

Commonwealth ex rel. Mauney v. Andrews, Sheriff.

The commitment sets forth the levy of the school tax upon which this commitment is based and was for the year 1924. The amount of the tax is also set forth, as well as the penalty, and that sufficient goods and chattels of the relator could not be found to satisfy the tax and penalty.

The question now before the court is simply one of whether or not a collector of school taxes is justified in arresting a female citizen and committing her to prison for non-payment of taxes when sufficient goods and chattels cannot be found to satisfy the tax and the taxpayer refuses to pay?

At the argument, counsel for the relator maintained that, under the general rule, a penalty or criminal statute cannot be extended by implication; therefore, the liability of a female to arrest for non-payment of tax could not be enforced against her under the statutory provisions as they exist. In support of this petition counsel cited and relied on the case of Com. v. Exler, 243 Pa. 155. In that particular case the legislature had created a new statutory crime years after the passage of the Act of 1860, and the decision of the court there is simply to the effect that the new crime could not be made a part of the original act by implication, meaning that no criminal and no penal provision can be, or ought to be, extended without definite statutory authority.

In the case now before the court the Act of 1834 gave to collectors of county taxes the right to arrest taxpayers, excepting only three classes of individuals. The identical rights were given to the city treasurer as tax collector by Act of 1901, so that at that time both tax collectors had the right to arrest for non-payment of taxes, with three classes excepted. Up to this time all citizens must take notice of the existence of the law which provided for the arrest of taxables upon refusal to pay their taxes, except, however, that a female could not be arrested.

On May 8, 1923, the legislature passed an act entitled as follows: "To amend section 45 of an Act approved the 15th day of April, 1834, P. L. 509, entitled 'An act relating to county rates and levies and township rates and levies, by removing the exception of females from arrest and imprisonment for non-payment of taxes.'" This was notice to all citizens that females are no longer excepted from arrest for non-payment of county taxes.

By the Act of 1901, all citizens must take notice that collectors of county and school taxes in cities of the third class had the same identical powers as the collector of county taxes. The authorities on this question are quite conclusive that the collector of school tax in the statute acquired the additional powers given to a collector of county tax under the act above referred to: Kugher's Appeal, 55 Pa. 123; Vernon Park, 163 Pa. 70; Guenthoer's Estate, 235 Pa. 67; Loyalsock Twp. Road, 26 Pa. Superior Ct. 219; Com. v. Philadelphia Auction Co., 51 Pa. Superior Ct. 166.

We take it, therefore, this is not the extension of any criminal or penal code by implication, but an enlargement of the powers of a tax collector by positive legislation. The Act of 1901 adopted the provisions of the Act of 1834, not by mention of that law or any part of it, but by reference to the law generally, giving the county tax collectors the power to arrest, among others.

In the argument, counsel for the relator conceded that tax collectors of county tax, by virtue of the Act of 1923, had the right to arrest females for non-payment of county tax. If that be the law, why, then, has not the collector of school tax, by virtue of the Act of 1901, acquired all the powers of the county tax collector? As we view the construction put upon such legislation in the courts of highest authority, a collector of school tax, under these provisions, has acquired all of the then powers of the county tax collector

and all the powers which he has acquired from time to time since that date to this particular matter. We are, then, driven to this legitimate conclusion, that the collector of school tax either never had any power to collect his school taxes or else he has all the powers for that purpose which the collector of county tax now has. We are impelled to accept the latter part of the proposition.

In view of the statutes now before the court and of the construction of similar statutes by the higher courts, we are driven to the conclusion that the relator should be remanded and delivered into the custody of the sheriff.

Now, to wit, Dec. 31, 1925, after hearing on petition and argument on the question of law involved, it is hereby ordered that Corinne Mauney be and is hereby remanded into the custody of William G. Andrews, Sheriff, the costs to be paid by the said Corinne Mauney.

From William McElwee, Jr., New Castle, Pa.