## Free's Appeal.

Argued May 26, 1930. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*George Hay Kain,* with him *Richard E. Cochran,* for appellant.—The rule which requires the construction of statutes with reference to their objects and subject-matter obviously also requires the language of a statute, as of every other writing, to be construed in the sense which it bore at the period when it was passed: Schlau-

decker v. Marshall, 72 Pa. 201; Jonesboro v. R. R., 110 U. S. 192.

There is no pretense that our local Library Act has ever been amended, and we contend that it has never been repealed: Hickory Tree Road, 43 Pa. 139; Brown v. Co. Comrs., 21 Pa. 37; Com. v. Brown, 210 Pa. 29; Long v. Phillips, 241 Pa. 246; Com. v. Reese, 293 Pa. 398.

*McClean Stock,* with him *Cyrus E. Woods,* Attorney General, and *Roscoe R. Koch,* Deputy Attorney General, for appellee.—"Under existing laws" refers to the time of imposing the fine: Automobile Fines, 1 Pa. D. & C. 413.

OPINION BY MR. JUSTICE FRAZER, June 21, 1930:

This case involves a question of the proper disposition of fines imposed by the Court of Quarter Sessions of York County upon persons convicted in that county for violation of the provisions of the Automobile Code of July 7, 1913, P. L. 672, and its various amendments, prohibiting the operation of automobiles by persons under the influence of intoxicating liquor.

Section 22 of the above act provides that all fines and penalties collected for violation of its provisions "shall be paid to the state treasurer,......to be used for the construction, repair and maintenance of the highways." The fund in question was claimed by the treasurer of appellant county under the provisions of the Special Act of April 3, 1867, P. L. 719, relating to that county and providing that "all fines and penalties by, and all forfeited recognizances in, the several courts of York County, which, under existing laws, are not payable to the Commonwealth for its use, are hereby directed to be paid into the treasury of said county for the use of a law library." The question thus raised is whether, in the case before us, "under existing laws" means only laws existing at the time of the passage of the act or whether

it includes laws subsequently passed and in existence at the time the fines and penalties are imposed. The court below took the former view of the question and directed that the money in controversy be paid to the state treasurer.

The general rule of construction, where reference is made to existing laws, was discussed in Guenthoer's Est., 235 Pa. 67, and this court there so thoroughly discussed the question that we deem it unnecessary to do more than quote what was there said (page 73) : "If a statute specifically adopts a former statute or particular provisions of a former statue by reference to its title or otherwise, such statute or particular provisions thereof become a part of the adopting statute as though written therein, and are enforced by virtue of the adopting act, but it does not include any subsequent amendment or modification of the prior statute or its particular provisions, unless expressly so declared or clearly implied. While this general rule of statutory construction is well settled and recognized by judicial decisions as well as by text writers, yet it is equally well established as a rule of statutory construction that where the reference in an adopting statute is to the law generally which governs the particular subject, and not to any specific act or part thereof designated in the adopting act, the reference means the law at the time the exigency arises as to which the law is to be applied. We have frequently recognized this distinction and applied the rule that where the reference in an adopting statute is to the law generally upon any subject, the adopting statute means the law in force on the subject at the time it is invoked: In re Vernon Park, 163 Pa. 70; Kugler's App., 55 Pa. 123...... When an adopting statute refers generally to the law affecting substantive rights it evidently means that it is to be the law in effect at the time its provisions are invoked. It is the law, whatever it may be at the time the facts require its application, that the adopting act means to declare shall regulate the

subject to which it relates. If, on the other hand, the adopting act declares as the law of the State any specific statute or part thereof it is equally manifest the legislature intends that the specific provisions thus adopted, and they alone, shall be the law in such cases. When therefore the adopting act declares generally that the law relating to any particular subject, and not a specific act, local or general, shall be the law regulating the subject, the legislative intent is that the adopting act refers to the law in force at the time when it is invoked."

It was accordingly held in the above case that a widow who elects to take against her husband's will is entitled to take under the intestate laws in force at the time of the death of her husband.

At the time the local Act of 1867 was passed, there was no law in force which provided for payment of fines to the Commonwealth for its use. The disposition of fines at that time was governed by section 78 of the Act of March 31, 1860, P. L. 451, which provided that "all fines imposed upon any party, by any court of criminal jurisdiction, shall be decreed to be paid to the Commonwealth; but the same shall be collected and received, for the use of the respective counties in which such fines shall have been imposed as aforesaid, as is now directed by law." This was a reënactment of existing law with reference to the disposition of fines as is indicated by the concluding words, and shows that in 1867 there was no law in existence requiring payment of fines to the Commonwealth for its own use. It must be presumed that the legislature was aware of this provision of the Criminal Procedure Act of 1860 at the time the Act of 1867 was passed, and hence to adopt the construction urged by appellant would require us to assume the legislature deliberately adopted a meaningless phrase because there was no existing law to which it could be applied.

The only construction of the act in question which will give effect to all its parts is that, by the words "un-

der existing laws," the legislature meant laws in force at the time the penalties are imposed. This construction gives effect to all provisions of legislation and at the same time permits it to be enforced concurrently with subsequent enactments covering new subjects not contemplated by the legislature in 1867 and making different provisions for the disposition of fines imposed for violation of such acts.

The judgment is affirmed.