## Commonwealth v. Kormuth

*James W. Hawkins,* district attorney, for Commonwealth.
*James E. Isherwood,* for defendant.

SAYERS, P. J., May 15, 1933.—On May 11, 1932, Eugene Kormuth was arrested, charged with possession of liquor, and taken before George L. Zimmerman, a justice of the peace in Franklin Township, Greene County, Pa., and on the following day, after a hearing, the defendant was bound over to June term of the quarter sessions court. The transcript says: "Under 500 cash bond furnished." The bond, signed by Eugene Kormuth, sets forth: "We and each of us, Eugene Kormuth 'Cash' do hereby acknowledge", etc. The bond attached to the transcript reads as follows: "Greene County ss: We, E. Kormuth, the within named defendant and check endorsed E. Kormuth, all of Greene County, acknowledge to owe the Commonwealth of Pennsylvania, for the use of the County of Greene, the sum of $500 to be levied of our goods and chattels, lands and tenements, upon condition that E. Kormuth be and appear in his proper person at the hearing before Geo. L. Zimmerman, a justice of the peace, at his office, on May 12th, at 9 o'clock a. m., then and there to answer such things as shall be objected against said defendant on behalf of the Commonwealth and not depart without leave, then this recognizance to be void, otherwise to be and remain in full force and virtue. Eugene Kormuth, (Seal). Taken and acknowledged before me this 11 day of May, 1932. Geo. L. Zimmerman. [J. P. Seal]. My commission expires first Monday in January 1934."

The transcript was duly returned to court and the check for $500 transmitted by the justice to the clerk of the courts, and on May 31, 1932, the defendant, upon entering a plea of guilty, was sentenced to pay the costs of prosecution,

to pay a fine of $100 to the Commonwealth, and to undergo imprisonment in the Allegheny County workhouse for the period of 1 year.

On the petition of the district attorney, filed February 6, 1933, the court made the following order: "And now, February 6, 1933, the foregoing petition having been read in open court, and after due consideration thereof, it is hereby ordered and directed that Russell Roberts, clerk of the court of quarter sessions of Greene County, Pennsylvania, shall pay $36.95 to himself for the costs incurred in this prosecution, and pay $100 to J. C. Cole, Treasurer of Greene County, Pennsylvania, as the fine imposed in this prosecution and pay the balance of the $500 cash bond to the parties legally entitled thereto, deducting therefrom any commission he may have for making said payments."

On May 1, 1933, Charles Balazick filed his petition, setting forth that he is a citizen and a resident of Greene County, that Eugene Kormuth was arrested for the possession of intoxicating liquor and after hearing was bound over to court, and that he, Charles Balazick, posted the sum required, $500 in cash, with the justice conditioned for the appearance of Eugene Kormuth, the defendant, at the June Sessions of court. The petition sets forth that the cash was procured by Charles Balazick from his personal checking account in a bank, by check dated May 12, 1932, a copy of which is attached and made a part of the petition. The copy of the check attached to the petition simply shows a check of Charles Balazick, payable to cash for $500 and bears no endorsement. The petition further sets forth that when the bail was entered it was distinctly understood that the money was the property of Balazick as evidenced by a receipt of May 12, 1932, made by the justice, which reads as follows: "R. D. 2. Waynesburg, Pa., May 12, 1932. Received of Chas. Balazick, Jefferson, Pa., R. D. 1, $500 for cash bond for Eugene Kormuth's appearance at June term of court for violation of the liquor law. [Signed] Geo. L. Zimmerman, justice. Eugene Kormuth, Clarksville, Pa."

The petition also sets forth that the money was regularly transmitted to the clerk of the courts, that the defendant entered a plea and was sentenced as before recited, and that on petition of James W. Hawkins, district attorney, an order was made by the court directing the clerk to pay to himself $36.95, costs of prosecution, to the county treasurer the fine of $100, and "to pay the balance of $500 cash bond to the parties legally entitled thereto, deducting any commission he may have for making said payments." The petition finally sets forth that the money has not yet been distributed by the clerk, and that the petitioner believes he is entitled to the return of the whole of the sum of $500, less the commissions due the clerk, and a rule was granted on this petition to show cause why the entire amount of the cash bond, less commissions due the clerk, should not be returned to the petitioner.

The Act of May 12, 1921, P. L. 548, as amended by the Act of March 19, 1925, P. L. 49, 19 PS §§ 71, 72, provides in section 1: "in all criminal or quasi criminal prosecutions, in any of the courts of quarter sessions and oyer and terminer or other courts of record having jurisdiction, . . . the party or parties required to give and enter said bail or recognizances, or any other person or persons in their behalf, are hereby authorized and allowed to deposit, with the clerk . . . the amount in which bail or recognizance is required, in current funds of the United States". The second section provides: "the clerk of the said court with whom any such deposit in lieu of surety or sureties shall be made shall furnish a receipt for the same to the person or persons making such deposit, . . . Provided, however, That, upon the proper order of the said court, the clerk aforesaid shall be required to pay, to the party or parties entitled thereto, the said

money deposited with him less his commission. . . . In case there is no forfeiture or breach of condition of the bail or recognizance entered by the defendant or defendants in the prosecution or proceeding, and the same is terminated, then, upon the order of the court, the clerk shall pay said money deposited to the defendant or defendants, or to the person or persons depositing the same in their behalf, after the deduction of his commission as hereinbefore provided."

The Act of April 7, 1921, P. L. 118, sec. 1, 19 PS § 73, provides: "in all criminal prosecutions in which magistrates, justices of the peace, and aldermen have the right and authority to take bail, . . . the party or parties required to give and enter said bail or recognizances for hearing or continued hearing before the said magistrates, . . . are hereby authorized and allowed to deposit, with the magistrates, . . . the amount in which bail or recognizance is required, in current funds of the United States, and said deposit shall be sufficient bail or recognizance, upon the defendant or defendants entering his or their own recognizance in the prosecution or proceeding . . . ." The second section of this act provides that the justice of the peace "shall make an immediate return of the prosecution or proceeding to the court . . . and pay the money deposited in lieu of bail . . . to the clerk of said courts, taking a receipt therefor from the said clerk, and the money so received . . . shall then be treated and disposed of in the same manner and to the same effect as money deposited in lieu of bail . . . in criminal prosecutions . . . pending in the said courts."

The petitioner claims, on authority of Gill's Petition, 6 D. & C. 662, that he, having furnished and deposited the cash bail money with the justice of the peace, which was afterwards transmitted by the justice to the clerk of the quarter sessions court, is entitled to receive back the cash so deposited, without deduction of the costs of the case or the fine imposed by the court on the defendant, less the clerk's commissions, and that, inasmuch as the recognizance was not forfeited and the defendant complied with the conditions thereof, the court had no power or authority to make the order of February 6, 1933, on the petition of the district attorney, directing the fine and costs imposed on Eugene Kormuth to be deducted from the amount of the cash bail deposited by the petitioner.

The court will be compelled to treat the facts stated in this petition as true so far as the ownership of the money is concerned, there being no denial in the answer filed that the money posted in lieu of bail or recognizance belonged to the petitioner, Charles Balazick. In the Gill case, the surety, who was not accepted by the court, in order to satisfy the court deposited with the clerk of the court of quarter sessions the sum of $500 for each of the three defendants. The defendants afterwards appeared for trial, two were acquitted, and one was convicted and fined, and when the surety presented his petition the court held that he was entitled to receive back the cash so deposited without deduction of the costs of the case or of a fine imposed on one of the defendants, less the commissions due the clerk. The case is quoted in Commonwealth ex rel. Gill v. Smith and Massachusetts Bonding and Insurance Company, 96 Pa. Superior Ct. 31, 35, but the Superior Court in that case does not discuss or pass upon the question involved here.

The order of February 6, 1933, was made on authority of the case of Commonwealth v. Coffin, 7 D. & C. 736, wherein it is held that when a defendant depositing cash is sentenced to pay a fine and costs the county can set off its claim against the cash bail, and Commonwealth v. Harris et al., 11 D. & C. 1, wherein it is held "Even where the bail has produced the defendant for trial, after a breach, and the case is finally ended, the remission of the forfeiture and setting aside of the judgment is not one of right, but in the sound discretion of the

court." In Commonwealth v. Pulici, 74 Pitts. 583, it was held that a petitioner who deposited cash as security for appearance of defendant has no standing to ask the court to pay money to him, because the Act of 1919 provides for cash to be deposited by defendant, and it also held that the record should never show that money deposited belonged to anyone else.

The Act of 1921, relating to deposit of money in lieu of bail with justices of the peace, and the Acts of 1921 and 1925, authorizing the courts to take cash bail, should be treated as part of one system, and the second section of the Act of March 19, 1925, P. L. 49, evidently means that a receipt shall be furnished to the person or persons making the deposit, and that in certain events, the clerk "shall be required to pay, to the party or parties entitled thereto, the said money deposited with him less his commission," and that if there is no forfeiture or breach of condition of the recognizance "the clerk shall pay said money deposited to the defendant or defendants, or to the person or persons depositing the same in their behalf, after the deduction of his commission."

The case of Commonwealth v. McMullin, 11 D. & C. 107, is set up by the district attorney in his answer as authority for his proposition that the money deposited could be paid only to the defendant. The decision is exactly to the contrary, and we agree with Judge Schaeffer of Berks County, in that part of his opinion in Commonwealth v. McMullin, supra, which reads as follows: "As the Act of March 19, 1925, P. L. 49, under which this cash was deposited, authorizes its deposit by the party or parties required to give and enter bail or by any other person or persons in their behalf, the rule requiring repayment to the defendant and not to any other person, as in the cases arising under the Acts of May 1, 1919, P. L. 102, and April 7, 1921, P. L. 118, does not apply."

We therefore feel that there is nothing else for the court to do in this case but to revoke the order of February 6, 1933, distributing the bail money deposited after deducting the costs of prosecution at the above number and term, and the fine imposed upon Eugene Kormuth.

We call attention of the district attorney to the fact that Eugene Kormuth is an owner of property in Greene County, and that he and a number of other defendants against whom penalties of fine and costs have been imposed can be legally compelled to pay by proper procedure to levy the costs and fines against their properties, and the court recommends that the district attorney and the county commissioners take proper steps in cases where recovery may be had to collect the fine and costs due the county which are directed by sentence of the court to be paid by defendants in various cases.

### Order

And now, May 15, 1933, after due consideration, the rule to show cause in this case is made absolute, the order of court of February 6, 1933, distributing the cash bail deposited and directing the clerk to deduct therefrom the costs and fine imposed upon Eugene Kormuth, is revoked, and the clerk of the courts is authorized and directed to pay the said cash bail money to the petitioner Charles Balazick, after deducting therefrom his commissions as provided by the Act of May 12, 1921, P. L. 548, sec. 2, and its amendments.

From S. M. Williamson, Waynesburg, Pa.