From Homer L. Kreider, Harrisburg, Pa.

## Fines Under Vehicle Code of 1929

Moss, Deputy Attorney General, September 21, 1933.—You have submitted to this office several questions involving the right of different county officials to

deduct fees from fines payable to the State under The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, before transmitting them to the Department of Revenue.

You state that in some instances the clerk of court collects the fines and deducts a poundage fee. In other cases he transmits the fines to the sheriff, who deducts a poundage fee before transmitting the money to the State. In some counties the sheriff collects the fines, deducts his poundage, and transmits the balance to the county treasurer, who in turn deducts a further commission before transmitting to the State. We have learned that in some counties the probation officers are appointed by the sheriff as deputies and that, in this capacity, they collect these fines and deduct the sheriff's fees; and that in other counties the county commissioners collect the fines and pay them to the county treasurer.

All these many different methods of collecting and handling fines imposed by the courts of quarter sessions demonstrate that no uniformity exists throughout the State. The questions you have submitted relate primarily to the fees chargeable by the various officers in transmitting the fines to the State. The fees chargeable by the various county officers are fixed by statute, and no officer is authorized to make a charge without specific statutory authority.

However, a more fundamental question is involved in your inquiry. Obviously, a county officer who is not authorized to receive payment of a fine imposed under The Vehicle Code by the court of quarter sessions and payable to the State would not have the right to claim any fee for collecting such fine. Therefore, your questions resolve themselves into one primary question—what officer is authorized to receive the payment of a fine imposed by the court of quarter sessions? The determination of this question first is necessary in order to decide which act relating to fees is applicable.

The question is not free from doubt, and our most diligent search has failed to uncover any authoritative and definite statement by any of the lower or appellate courts of this State.

Jurisdiction to impose fines under The Vehicle Code is vested in the court of quarter sessions of the peace. The Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 32, v, states that:

"The courts of quarter sessions shall also have jurisdiction in cases of fines, penalties or punishments, imposed by any act of assembly, for offences, misdemeanors or delinquencies, except where it shall be otherwise expressly provided and enacted."

And the further power is granted to those courts by the same section:

". . . to award process to levy and recover such fines, forfeitures and amercements, as shall be imposed, taxed or adjudged by them respectively; . . .".

From the above section of the act, it is clear that the court not only has the power to impose the sentence but to control the enforcement of it. Until compliance by the defendant, the case is completely under the court's control.

When the court is compelled to issue its process to collect the fine, such process is directed to the sheriff and is in the form of a fi. fa. to collect it by levy on the defendant's goods: Commonwealth v. Gabriel, 14 Dist. R. 862 (1904); In re Tony Tuttendario, 21 Dist. R. 561 (1912). Until some process has issued out of the court to the sheriff to collect the fine, that officer has nothing to do with the receipt or the collection of the money.

Even where the court directs the commitment of the defendant until the fine is paid, the sheriff's duty is only to hold the body of the defendant in custody and convey him to prison. That is the extent of the sheriff's power under his writ, even though that writ is a method of compelling the payment of the fine.

Therefore, until a writ of execution is issued to the sheriff to collect the fine, its collection is still in the control of the court. Compliance with the sentence can be properly made only by payment to the duly constituted officer of the court.

The Act of April 14, 1834, P. L. 333, sec. 45, provides as follows:

"A clerk shall be commissioned for each of the said courts; he shall have the custody of the records and of the seal of the respective court, and keep the same at the place of holding such court, and in the apartments provided by authority of law for that purpose. He shall faithfully perform under the direction of the court all the duties appertaining to his office."

As the clerk of the court is the duly constituted officer of the court: Commonwealth ex rel. v. Smith et al., 96 Pa. Superior Ct. 31 (1929) ; and performs the ministerial duties relating to the procedure of the court and the keeping of its records, he is the proper and only officer authorized, in the absence of any order of the court directing otherwise, to receive money paid to the court in compliance with the sentence imposing the fine.

We have no doubt, however, that the court can direct that fines be received by probation officers. Probation officers are appointed under the authority of the Act of June 19, 1911, P. L. 1055, as amended June 21, 1919, P. L. 569. These officers are appointed by the court to perform such duties as the court may direct. Likewise, desertion probation officers, appointed under the authority of the Act of June 12, 1913, P. L. 502, are authorized under the direction of the court to collect and pay over to the person entitled thereto money ordered to be paid by the defendant.

In many instances, it is highly desirable to have the cases handled by probation officers kept entirely separate from the other business and officers of the courts. That the legislature recognized the right of probation officers to receive money is evidenced by the Act of June 9, 1931, P. L. 401, sec. 12, adding a new section to the county code and directing that the county comptroller or auditor should audit the books of parole and probation officers.

Whether the fine is paid to the clerk of court or to the parole or probation officer, it is nevertheless a payment to the court through its officer duly designated to receive it in compliance with the sentence of the court. While it might be highly desirable for the parole officer at least to certify his collections to the clerk of court in order that the record of each case would be complete, that is a matter within the discretion of the court.

There is no statute which fixes any fees to be received by parole or probation officers for collecting or supervising the collection of fines. Even though a sheriff may have the right to appoint a parole officer as a deputy sheriff, such officer in collecting fines does so under the direction of the court in the capacity of parole officer and cannot purport to act as sheriff and collect the sheriff's fees for doing so.

When process has been issued to the sheriff in the form of a fi. fa. to levy on property of the defendant, the sheriff is entitled to a fee of 3 cents on the dollar out of the fine collected. The fees of the sheriffs of the various counties are regulated by the following acts applicable according to varying populations: Act of June 20, 1911, P. L. 1072; Act of July 11, 1901, P. L. 663; Act of April 9, 1915, P. L. 54, as amended by the Act of May 2, 1919, P. L. 110. All these acts contain the following provision as to fee:

"For levying or paying out fines, three cents per dollar; to be paid by the party receiving the fine."

The fees of clerks of quarter sessions in counties of over 1,500,000 are regulated by the Act of May 1, 1879, P. L. 40, and in counties of more than

800,000, but less than 1,500,000, by the Act of June 11, 1915, P. L. 938, as amended by the Act of March 18, 1925, P. L. 42. Neither of these acts provides for anything like a poundage fee.

The fees of clerks of courts in all other counties, i. e., all counties except counties of the first or second class, are regulated by the Act of May 11, 1925, P. L. 570. That act allows the following fees:

". . . Receiving and distributing money paid into court, one per cent. . . ."

Whether clerks of court in counties governed by the above Act of 1925 are entitled to a fee of 1 percent on fines received by them depends on whether such payment would be classed as "money paid into court."

In the fee bills relating to sheriffs quoted above, the fee for collecting fines was clearly and unmistakably covered. We cannot believe that the legislature by the phrase "money paid into court" intended it to mean the same thing as the fee bill of sheriffs, where fines were specifically provided for in addition to a fee for other types of moneys going through their hands.

The term "money paid into court" has a well-recognized meaning. It applies to situations where money is delivered to the court to await the outcome of litigation involving the right to that money. Such was the situation in Free's Appeal, 301 Pa. 82 (1930), where the clerk of quarter sessions paid into the court of common pleas the money received by him from fines imposed under the motor vehicle acts of 1913 and 1919, pending the outcome of the contest between the Commonwealth and the County Treasurer of York County as to which was entitled to such funds. Where money is paid into court in such cases, the court is merely custodian. Fines, when paid, are paid as a final determination of the case and a compliance with the sentence.

Therefore, we are of the opinion that the clerk of court is not entitled to deduct a fee of 1 percent from fines imposed under The Vehicle Code before transmitting them to the State, for the reason that paying the fine is not paying money into court within the meaning of the Act of 1925.

In some cases to which you have called our attention, the clerks of court and sheriffs are transmitting these fines first to other county officers. This is clearly improper. Section 901 of The Fiscal Code of April 9, 1929, P. L. 343, as amended by the Act of June 1, 1931, P. L. 318, sec. 1, provides as follows:

"On the first Monday of each month, it shall be the duty of each city and county officer to render to the Department of Revenue, under oath or affirmation, returns of all moneys received during the preceding month for the use of the Commonwealth, designating, under proper headings, the source from which such moneys were received, and to pay the same into the State Treasury, through the Department of Revenue, less any compensation and reimbursement for expenses allowable by law for having made the collections."

Under this section of The Fiscal Code, it is clearly the duty of each county officer to account directly to the Commonwealth for moneys received by him which belong to the State and to pay such moneys over to the State directly. Where the money has already been paid to some other officer, it can undoubtedly be traced and recovered, but the proper officer to account is the officer authorized to receive the money.

There remains to be considered the other situations presented by your inquiry. Clearly, the county treasurer is not the proper officer to receive the fines imposed under The Vehicle Code for the use of the Commonwealth. Under section 347 of The General County Law of May 2, 1929, P. L. 1278, the duty of the county treasurer is to receive and account for all money "due or accruing to the county". Fines imposed under The Vehicle Code for the use of the State are not moneys

"due or accruing to the county", and consequently the county treasurer has nothing to do with them.

The county commissioners have no more right to receive these fines than the county treasurer. Section 384 of The General County Law of May 2, 1929, P. L. 1278, provides that:

"All fines . . . imposed . . . in any court, except such as are directed to be paid into the State Treasury under the provisions of existing law . . . shall, by the clerk of such court, be certified and estreated into the office of the commissioners of the county. . . . All sums of money collected in pursuance thereof shall be paid to the county treasurer for the use of the county. It shall be the duty of the commissioners to superintend the collections of said sums of money. . . ."

The term "estreat" means to certify or make an exact copy of. The language above quoted was used also in the Act of March 24, 1818, P. L. 273, 7 Sm. L. 120, sec. 1, which was interpreted by the court in Commonwealth v. Burkholder, 3 Dist R. 563 (1893). In an opinion by Judge Doty, the court said, in that case:

"The evident purpose of the first section of the Act of March 24, 1818, requiring the clerk to certify and estreat fines and forfeited recognizances into the office of the county commissioners, is to make sure that the collection of such fines and recognizances will not be overlooked."

At all events, the fines directed to be paid into the State Treasury are specifically excepted, and the clerk should not even estreat those fines to the county commissioners.

In conclusion, you have asked whether court costs are deductible from bail forfeited before transmission to the State in those cases where under The Vehicle Code such forfeited bail is payable to the State.

In a well-considered auditor's report adopted as the opinion of the court in Commonwealth, for use, v. Winter et al., 13 Berks 48 (1920), it was held that under the Act of July 30, 1842, P. L. 449, sec. 26, court costs were first payable out of any forfeited recognizance. We need add nothing to what was there said, other than to advise you that The Vehicle Code has not in any way changed the Act of 1842 with respect to forfeited bail payable to the Commonwealth.

To summarize, you are advised as follows:

1. Except where a writ is issued to the sheriff to levy and collect a fine, the clerks of court or, where directed by the court, the parole or probation officers are the only officers properly authorized to receive payment of fines imposed by the court of quarter sessions for violation of The Vehicle Code. None of these officers is entitled to deduct any fee when transmitting fines collected for the use of the State.

2. When a writ is issued to the sheriff and he collects such fines in pursuance of such writ, he is entitled to deduct a poundage fee of 3 cents on the dollar.

3. The clerks of court and the sheriffs, in those cases where they collect in pursuance of a writ, should account for and pay over the fines so received by them directly to the State under the provisions of The Fiscal Code. They have no right to transmit those fines first to any other county officer.

4. Court costs are first deductible out of any forfeited bail payable to the Commonwealth under The Vehicle Code.

From C. P. Addams, Harrisburg, Pa.