## Commonwealth v. Popchak

*G. T. Hambright*, for petitioner.
*B. J. Myers*, county solicitor, contra.

SCHAEFFER, P. J., October 30, 1942.—Defendant was arrested on four separate charges and after the preliminary hearing held before Alderman Warren E. Broome, of Lancaster City, defendant entered into a recognizance in the sum of $300 in each case for her appearance on December 8, 1941, in the Court of Quarter Sessions of Lancaster County. Defendant alone signed the recognizances containing the phrase: "Cash Bail." The petitioner alleges that the total sum of

$1200 cash bail was deposited by him before the alderman for defendant's appearance at the next term of quarter sessions court. These recognizances were respited on December 12, 1941, to March term of court, 1942, when defendant pleaded guilty, and on April 10, 1942, was sentenced in three cases to pay fines totalling $300, costs of prosecution and undergo imprisonment for a period of 1½ years. The fines and costs amounted to $473.90, which amount has not been paid by defendant. In addition the clerk of the court of quarter sessions claims the sum of $12, or the minimum charge of $3 in each of the four cases as provided for in the act of assembly, making the total amount claimed by way of set-off $485.90. The County of Lancaster does not claim a set-off as to the balance of $714.10.

Two acts of assembly were passed in 1921 permitting a cash deposit in lieu of bail. The earlier Act of April 7, 1921, P. L. 118, governs the instant case. It relates to cash bail taken before magistrates, justices of the peace, and aldermen. The later Act of May 12, 1921, P. L. 548, relating to cash bail taken in a court of record, was amended by the Act of March 19, 1925, P. L. 49, but the prior Act of April 7, 1921, P. L. 118, has not been amended.

The Act of April 7, 1921, P. L. 118, sec. 1, provides:

". . . in all criminal prosecutions in which magistrates, justices of the peace, and aldermen have the right and authority to take bail, . . . the party or parties required to give and enter said bail or recognizances for hearing or continued hearing before the said magistrates, . . . are hereby authorized and allowed to deposit, with the magistrates, . . . the amount in which bail or recognizance is required, in current funds of the United States, and said deposit shall be sufficient bail or recognizance, upon the defendant or defendants entering his or their own recognizance in the prosecution or proceeding. . . ." The second section of this act

provides that the justice of the peace "shall make an immediate return of the prosecution or proceeding to the court . . . and pay the money deposited in lieu of bail . . . to the clerk of said courts, taking a receipt therefor from the said clerk, and the money so received . . . shall then be treated and disposed of in the same manner and to the same effect as money deposited in lieu of bail . . . in criminal prosecutions . . . pending in the said courts."

The Act of March 19, 1925, P. L. 49, relating to courts of record, amending the Act of May 12, 1921, P. L. 548, provides:

"That in all criminal or quasi criminal prosecutions, in any of the courts of quarter sessions and oyer and terminer or other courts of record having jurisdiction, . . . pending in the said courts of this Commonwealth, in lieu of bail and recognizances with surety or sureties thereon required and approved by the court, the party or parties required to give and enter said bail or recognizances, or any other person or persons in their behalf, are hereby authorized and allowed to deposit, with the clerk of the respective court in which said prosecution or proceeding is pending, the amount in which bail or recognizance is required, in current funds of the United States. . . .

"That the clerk of the said court with whom any such deposit in lieu of surety or sureties shall be made shall furnish a receipt for the same to the person or persons making such deposit . . ."

In Commonwealth v. Dayhoff, 43 Lanc. L. R. 636 (1933), and Commonwealth v. Lanning, 20 D. & C. 19 (1933), cited by petitioner, the bail bond or recognizance was conditioned for the appearance of defendant at the next session of the court and the record showed that petitioners were sureties and not persons acting for or in behalf of the defendant. In Commonwealth v. Dayhoff, supra, the court in its opinion said (p. 637) :

"The record shows not only cash bail to have been deposited by the sureties on their own behalf, and not by the defendant or on his behalf, but in addition a formal recognizance in the usual form was entered into and executed by both defendant and the sureties." The court said (p. 639) :

"It must appear and it is admitted in this case that the cash was deposited by the surety or sureties on their behalf to justify or support their suretyship, and not on behalf of the defendant or by the defendant through the intervention of or with the connivance of the sureties to escape payment of the fine and costs."

In Commonwealth v. Lanning, supra, the contention of the petitioner was that she deposited $500 cash bail with the justice of the peace for the appearance of her brother and "that she deposited it as justification for her becoming bail." A similar situation arose in Gill's Petition, 6 D. & C. 662 (1924), which was affirmed by the Superior Court in 96 Pa. Superior Ct. 31. The petitioner in the instant case relies mainly on Commonwealth v. Kormuth, 19 D. & C. 590, in which Judge Sayers of Greene County decided under facts practically identical with those of the instant case that the two Acts of 1921 and the Act of 1925, supra, "should be treated as part of one system", and, accordingly, directed that the cash bail originally deposited with the justice of the peace by a third party be returned to the latter after deducting commissions only. This decision is based largely upon another decision which appears to have been misinterpreted. In the opinion Judge Sayers says (p. 593) :

"The case of Commonwealth v. McMullin, 11 D. & C. 107, is set up by the district attorney in his answer as authority for his proposition that the money deposited could be paid only to the defendant. The decision is exactly to the contrary, and we agree with Judge Schaeffer of Berks County, in that part of his opinion in Com-

monwealth v. McMullin, supra, which reads as follows: 'As the Act of March 19, 1925, P. L. 49, under which this cash was deposited, authorizes its deposit by the party or parties required to give and enter bail or by any other person or persons in their behalf, the rule requiring repayment to the defendant and not to any other person, as in the cases arising under the Acts of May 1, 1919, P. L. 102, and April 7, 1921, P. L. 118, does not apply.' "

According to our interpretation of the above quotation from the McMullin case, the rule requires repayment to defendant and not to any other person under the Act of April 7, 1921, P. L. 118, where the bail was given before an alderman, thus indicating a differentiation between the two Acts of 1921, supra.

In the instant case the recognizance entered before the alderman is signed by Margaret Popchak as defendant and the word "cash" appears as bail without mentioning the name of the petitioner, Harry McCutcheon. The latter did not sign the recognizance. It was so returned to the Court of Quarter Sessions of Lancaster County and there is no evidence to show that the clerk of that court was either informed or had any knowledge of Harry McCutcheon's connection with this case in any capacity. According to the depositions Warren E. Broome, the alderman, gave the following receipt to Harry McCutcheon: "Nov. 20, 1941—Received from Harry McCutcheon ———— 1200.00 Dollars —Bail for Margaret Popchak—$1200.00—Warren E. Broome." It appears by extraneous evidence that the money in controversy was deposited with the alderman by Harry McCutcheon as bail for defendant. The alderman in making his return to court upon binding over defendant paid this money to the clerk of the court of quarter sessions. The transcript of the alderman as filed in that court shows no such deposit by Harry McCutcheon. The record is as follows: "Margaret Popchak, Defendant; Cash Bail." The records

show the cash to be that of defendant and not of any other party. Accordingly, the cash deposited must be considered in legal contemplation as the property of the defendant.

In Commonwealth v. Coffin, 7 D. & C. 736 (1925), Judge Reno, of Lehigh County, decided that the county can set off its claim for the fine and costs against the cash bail deposited by a defendant on the ground that the defendant was a creditor of the county and became its debtor when sentenced to pay his fine and costs.

And now, October 30, 1942, the rule to show cause why the cash bail of $1200 should not be returned to the petitioner, less the commission to which the clerk of the court of quarter sessions is entitled under the act of assembly, is discharged as to the sum of $485.90. The court orders and directs the Clerk of the Court of Quarter Sessions of Lancaster County to refund the balance of $714.10.